**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Castillo-Torres,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Respondents. | No. CV-21-00217-TUC-JCH<br><br>**ORDER** |

On May 20, 2021,[1] pro se Petitioner Jose Castillo-Torres ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court referred the petition to Magistrate Judge Leslie A. Bowman. (Doc. 5.) Judge Bowman issued a Report and Recommendation ("R&R") recommending that the Court dismiss the petition as untimely. (Doc. 11.) Petitioner filed an objection to the R&R (Doc. 15), and Respondents filed a Reply to Petitioner's objection (Doc. 16). For the reasons set forth below, the Court will overrule Petitioner's objection, adopt Judge Bowman's recommendation in full, and dismiss the petition.

**I.   STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

---

[1] The writ was constructively filed by placing the petition in the prison mailing system on May 20, 2021. The document's actual filing date with the Court is May 24, 2021.

(9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72.

## II.   BACKGROUND

### A. THE PETITION

On August 20, 2014, Petitioner molested a fourteen-year-old boy by squeezing his penis repeatedly while sitting next to him on a public bus. (Doc. 8 at 2; Doc. 8-1 at 7.) Petitioner was charged with six counts of child molestation, (Doc. 8-1 at 12-13), and after a three-day jury trial, he was found guilty of all charges. (Doc. 8-1 at 15-20.) On August 4, 2015, the state court sentenced Petitioner to concurrent prison terms, the longest of which is 17 years. (Doc. 8-1 at 22.)

Following his direct appeal and three post-conviction relief proceedings, Petitioner filed this petition for habeas corpus relief on May 20, 2021. (Doc. 1.) The petition asserts two grounds for relief: (1) Ineffective assistance of trial counsel based on counsel's failure to investigate; and (2) Suppression of exculpatory evidence.

First, Petitioner claims that a proper investigation would have revealed that the victim began molesting his siblings prior to the incident with Petitioner and therefore "would have exposed fallacies in the prosecution['s] account of events and their timing." (Doc. 1 at 5) Further, Petitioner asserts that "appointed counsel refused to interview eyewitnesses who would have provided testimony of exculpation or impeach state witnesses." (*Id.*)

Second, Petitioner claims that his 5th and 14th Amendment rights were violated because during the jury trial the case-in-chief "did not contain evidence of exculpatory value which was suppressed by the prosecuting attorney." (Doc. 1 at 7) This evidence is claimed to include both "DNA samples taken from the [victim's] clothing and person that would demonstrate no physical contact thereby confuting [sic] presumption of guilt" and evidence that the victim "commenced [sexual molestation of his siblings] long prior to [the] encounter with Petitioner as [the victim's] family had already separated because of those

crimes." (*Id.*)

In their Answer, Respondents argue the claims are procedurally barred without excuse. (Doc. 8.)

**B. THE R&R**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). As relevant here, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The limitations period is subject to both statutory tolling and equitable tolling. Statutory tolling is available for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Equitable tolling is available if a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) *quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (internal quotations omitted). Lastly, a petitioner may be entitled to an equitable exception to the AEDPA's statute of limitations if he makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

The R&R summarized the case and detailed the relevant timeline of Petitioner's direct appeal and post-conviction relief proceedings. (Doc. 11 at 1-3.) The R&R determined: (1) the AEDPA limitations period began to run on December 13, 2019 and expired on December 12, 2020; (2) the limitations period was not subject to statutory tolling; and (3) the limitations period was not subject to any other tolling. (Doc. 11.) Further, the R&R rejected Petitioner's argument that a particular state court filing—entitled "Reply to No Response by the State - Special Action" and filed in case 2-CA-CR-19-0178-PR ("September 23, 2019 Document")—was a pending "Special Action" which tolled the limitations period. (*See* Doc. 1 at 12.) The R&R found that the September 23, 2019 Document was resolved by the Arizona Court of Appeals in its December 12, 2019 decision

on the merits, and that a special action "is not currently pending, and statutory tolling does not apply." (Doc. 11 at 5.) In the alternative, the R&R concluded that even if a special action were pending, special actions do not toll the AEDPA limitations period. (*Id.*) Finally, the R&R determined that the Petitioner was not entitled to an equitable exception to the limitations period because he had not made a credible showing of actual innocence. (*Id.* at 5-6.) Based on these findings, the R&R recommended dismissal of the petition.

### C. PETITIONER'S OBJECTION

Petitioner makes two separate arguments in his written objection. (Doc. 15.) First, Petitioner contends that the Magistrate Judge did not properly review his actual innocence claim, as related to Ground One of his Petition. Second, Petitioner objects to the R&R's refusal to recognize his "Special Action" as a "per se collateral proceeding" and argues that his special action "yet in pendency, forecloses recommendation for dismissal of the instant habeas petition." (Doc. 15 at 2-3.) The Court will construe Petitioner's second argument as an objection to both the R&R's: (1) finding that Petitioner's September 23, 2019 Document does not constitute a special action; and (2) the alternate finding that even if his September 23, 2019 Document is a special action, it is not a collateral review proceeding for purposes of tolling the limitations period.

## III. ANALYSIS

### A. APPLICABLE LAW

"Within 14 days after being served with a copy of the [R&R], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Objections that merely repeat or rehash claims asserted in the petition—those the magistrate judge has already addressed in the R&R—are insufficient under Fed. R. Civ. P. 72. *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006). Such general objections undermine the purpose of referral to magistrate judges for resolution of issues that are not

objectionable to the parties. *Id.*

### B. FIRST OBJECTION: ACTUAL INNOCENCE

The R&R concluded that Petitioner's "showing on the issue of actual innocence is insufficient to trigger equitable tolling" because he failed to present any new evidence or proof that DNA evidence was ever taken. (Doc. 11 at 6.) Petitioner's objection contends that the:

> Magistrate [Judge] turned a blind eye to the actual innocence exception for miscarriage of justice wherein appointed counsel completely failed to conduct any semblance of pretrial investigation to include interviewing of known witnesses on the city bus who would all have attested to actual innocence.

(Doc. 15 at 2.)

To establish an actual innocence claim, the petitioner must "affirmatively prove that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). Petitioner here presents no evidence of actual innocence. Rather, his objection merely restates his ineffective assistance of counsel claim. (*See* Doc. 1 at 5 ("Appointed counsel refused to interview eyewitnesses who would have provided testimony of exculpation or impeach [sic] state witnesses.")). Because Petitioner failed to present evidence of actual evidence and simply reiterates his merit argument in his objection, the Court will adopt the R&R's conclusion and dismiss his objection. *See Sullivan*, 2006 WL 1516005, at * 2 (dismissing objections because merely reiterating arguments raised prior to the issuance of an R&R fails to provide a court with guidance as to what portions of the R&R's rulings are incorrect).

### C. SECOND OBJECTION: STATUTORY TOLLING

#### 1. COMMENCMENT OF LIMITATIONS PERIOD

Petitioner does not object to Magistrate Judge Bowman's calculation of the limitations period regarding his direct appeal and his first and second petitions for post-conviction relief. (*See* Doc. 11 at 1-3.) Because the parties do not contest that the AEDPA limitations period was tolled during this time, the Court will not reiterate the details. *See*

28 U.S.C. § 2244(d)(1)(A) (the 1-year limitations period runs from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Relevant here is Petitioner's third petition for post-conviction relief ("Third PCR").

On May 13, 2019, Petitioner filed a notice of post-conviction relief, (Doc. 8-2 at 32-35), and in his Third PCR, Petitioner argued that: (1) H.B. 2283, 53d Leg., 2d Reg. Sess. (Ariz. 2018), represented a significant change in the law; (2) A.R.S. § 13–1410 and § 13–1407(e) are unconstitutional statutes; and (3) counsel was ineffective for not knowing that these statutes were unconstitutional. (*Id.*) On May 21, 2019, the state trial court summarily dismissed the petition, finding that, "Petitioner has raised the same arguments as his previous Rule 32 Petition." (Doc. 8-2 at 37.) Petitioner filed a motion requesting the "court to reconsider its summary denial," on June 28, 2019. (Doc. 8-2 at 39.) The trial court denied the request on July 1, 2019. (Doc. 8-2 at 60.) Petitioner appealed the trial court's decisions through a petition for review with the Arizona Court of Appeals on July 19, 2019.[2] (Doc. 8-2 at 62-84.)

During the pendency of his appellate proceedings, Petitioner filed his September 23, 2019 Document in case 2-CA-CR-19-0178-PR. (Doc. 8-2 at 90). Petitioner characterizes this document as a "Special Action." (*See* Doc. 15 at 3; Doc. 1-2 at 2; Doc. 8-2 at 90.) The purported special action sought "summary judgment" based on the state's purported failure to file a timely response to his petition for review. (Doc. 8-2 at 91-93.)

On December 12, 2019, the Court of Appeals granted review but denied relief. (Doc. 8-2 at 95). The Court of Appeals did not expressly consider Petitioner's September 23, 2019 Document in its memorandum decision. (*See* Doc. 8-2 at 95.) Petitioner did not seek review of the December 12, 2019 memorandum decision. Absent any tolling, the one-year limitations period would have started the following day, on December 13, 2019. As such, the R&R determined that the AEDPA limitations period began to toll on December 13, 2019 and expired on December 12, 2020. (Doc. 11 at 4.) Petitioner filed his writ of habeas

---

[2] *See* Arizona Court of Appeals Division Two docket for No. 2 CA-CR 2019-0178-PR.

corpus on May 20, 2021, approximately five months after the limitations period expired. (Doc. 1 at 15.)

### 2. SPECIAL ACTION

Petitioner argues that his "Special Action" filed on September 23, 2019, in 2-CA-CR-19-0178-PR, remains pending and subject to statutory tolling. (Doc. 15 at 3.) Nearly 605 days have elapsed between the filing dates from Petitioner's September 23, 2019 Document in his appellate case and the instant May 20, 2021 habeas petition, a period which Petitioner argues is statutorily tolled. (Doc. 15 at 3.) Petitioner's argument is unavailing.

First, as the R&R correctly determined, the petition for review was resolved by the Arizona Court of Appeals decision issued on December 12, 2019. (Doc. 11 at 5; Doc. 8-2 at 95.) There is no question that the Arizona Court of Appeals resolved the petition for review, (*See* Doc. 8-2 at 95), or that Petitioner failed to file a subsequent petition for review with the Arizona Supreme Court following the Court of Appeal's December 12, 2019 decision. Once an application has reached a final resolution through the State's post-conviction procedures, it is no longer "pending." *See Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Furthermore, labeling a pleading as a special action does not make it so. In Arizona, a special action proceeding is limited to cases where there is no "equally plain, speedy, and adequate remedy by appeal." 17B Ariz. Rev. Stat. Special Actions, Rules of Proc., Rule 1(a). Petitioner makes no showing that he complied with the applicable Rules of Procedure for Special Actions, such that his September 23, 2019 Document met all the requirements of a Special Action, nor that the Arizona Court of Appeal's failure to accept or decline special action jurisdiction usurped their decision resolving his petition for review.

Lastly, even if Petitioner's September 23, 2019 Document was a properly filed special action, such special actions "fall outside of the normal review process and may not be used for federal habeas exhaustion purposes." *Kajander v. Schroeder*, No. CV08-1172PHXGMS(GEE), 2009 WL 775395, at *2 (D. Ariz. Mar. 20, 2009); *See also Burns v.*

*McFadden*, 34 Fed. Appx. 263, 265 (9th Cir.2002) (holding that a habeas petitioner did not exhaust state remedies by presenting his claim in a petition for special action); *Little v. Schriro*, No. CV–06–2591–PHX–FJM, 2008 WL 2115230, at *12 (D.Ariz. May 19, 2008) (same); *Craig v. Schriro*, CV–06—0626–PHX–PGR, 2006 WL 2872219, at *10 (D.Ariz. Oct.5, 2006) (same); *Rodriquez v. Klein*, No. CV05 3852PHX–NVW, 2006 WL 1806020, at *4 (D.Ariz. June 28, 2006) (same).

To the extent Petitioner objects to the R&R's factual finding that no special action existed in his appellate case, his objection is overruled.

### 3. COLLATERAL REVIEW PROCEEDING

Citing *Wall v. Kholi*, 562 U.S. 545 (2011) and *Collins v. Lee*, 667 F.3d 247 (2d Cir. 2012),[3] Petitioner further argues that his "special action" is a collateral review proceeding for purposes of tolling the limitations period. (Doc. 15 at 2.) Neither decision supports Petitioner's objection.

In *Wall*, the Supreme Court held that "'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review." 562 U.S. at 547. The Court reasoned that a motion for a reduction of sentence is a form of "collateral review." *Id.* at 555-56. It is "collateral" because it is not part of direct review; it is "review" because it "involves judicial reexamination of the sentence to determine whether a more lenient sentence is proper." *Id.* Accordingly, the motion to reduce sentence tolled the limitation period under the Act. *Id.* at 547-48.

In *Collins*, the Second Circuit Court of Appeals affirmed the district court's dismissal of a petitioner's habeas action as time barred. 667 F.3d at 253. In doing so, the Circuit discounted the petitioner's argument that the AEDPA was tolled during the pendency of a post-conviction motion which argued that New York's Department of Correction had improperly determined that his sentences should run consecutively, rather than concurrently. *See id.* at 250-51. In interpreting *Wall*, the Circuit found that the post-

---

[3] Petitioner mistakenly refers to this case as *Collins v. Ercole* and provides the citation to the United States Supreme Court's denial of a writ of certiorari rather than the underlying case from the Second Circuit. (*See* Doc. 15 at 3.)

- 8 -

conviction motion "did not seek review or reconsideration of the pertinent judgment. [It] sought, instead, a recalculation of his prison term, supposedly in accordance with that judgment." *Id.* at 250.

Here, Petitioner's September 23, 2019 Document sought "summary judgment" based on the state's purported failure to file a timely response to his petition for review. (Doc. 8-2 at 91-93.) The document did not seek review or reconsideration of a pertinent judgment. Rather, it sought relief based on a pending petition for review which the Court of Appeals had yet to consider at that point. As such, there existed no "application for State post-conviction or other collateral review with respect to the relevant judgment or claim" within the meaning of section 2244(d)(2). Petitioner's final objection is overruled.

## IV. ORDER

The Court has reviewed the R&R, the parties' briefs, and the record. Accordingly,

**IT IS ORDERED OVERRULING** Petitioner's Objection to the Report and Recommendation. (Doc. 15.)

**IT IS FURTHER ORDERED** that Magistrate Judge Leslie A. Bowman's Report and Recommendation (Doc. 11) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is dismissed as time barred. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

**Dated this 3rd day of February, 2022.**

Honorable John C. Hinderaker
United States District Judge