**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jose Castillo-Torres,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-00217-TUC-JCH<br><br>**ORDER** |

      Pro se petitioner Jose Castillo-Torres ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 20, 2021. (Doc. 1.) After an independent review of Magistrate Judge Leslie A. Bowman's Report and Recommendation ("R&R") and an analysis of Petitioner's subsequent Objection, the Court dismissed the petition (Doc. 17.) On May 9, 2022, Petitioner filed a Motion for Rule 60 Relief from a Judgment or Order ("Motion"). (Doc. 19.) The government did not file a Response to the Motion and the deadline to do so has passed. For reasons given below, the Court finds that Petitioner's Motion is a successive habeas claim under § 2254 and does not meet the requirements governing successive petitions under 28 U.S.C. § 2244(b). Accordingly, the Court will dismiss the Motion for lack of jurisdiction.

**I.**    **Factual and Procedural Background**

      After a jury trial, Petitioner was found guilty of six counts of child molestation and sentenced to concurrent, 17-year prison terms. (Doc. 8 at 2; Doc. 8-1 at 7.) On direct appeal, Petitioner argued that the trial court erred by: (1) precluding the results of a psychosexual evaluation and (2) precluding the victim's father's prior assault convictions. (Doc. 8-1 at 8.) The Arizona Court of Appeals affirmed the conviction and sentence, the Arizona Supreme Court denied review, and Petitioner did not file a petition for writ of certiorari with the U.S.

Supreme Court. (Doc. 11 at 2.)

Petitioner filed two petitions for post-conviction relief under Arizona Rule of Criminal Procedure 32. (Doc. 8-1 at 68.) Both Rule 32 petitions claimed ineffective assistance of counsel and the omission of material jury instructions at trial. (Doc. 8-2 at 5–6.) The trial court denied the Rule 32 petitions and the Arizona Court of Appeals denied review. (Doc. 11 at 2.) After the trial court denied the first two petitions, Petitioner filed a third Rule 32 petition. (Doc. 8-2 at 96.) The trial court dismissed the third petition, finding that it raised the same arguments as the prior two petitions. (Doc. 8-2 at 96.) This time, the Arizona Court of Appeals granted review but denied relief. (Doc. 8-2 at 96–97.) Petitioner did not seek review by the Arizona Supreme Court. (Doc. 11 at 2.)

Following a direct appeal and three post-conviction relief proceedings, Petitioner filed a petition for writ of habeas corpus with this Court. (Doc. 1.) The habeas petition gives two grounds for relief: (1) ineffective assistance of trial counsel based on failure to investigate; and (2) the prosecutor suppressed exculpatory DNA evidence and evidence of the victim's prior bad acts. (Doc. 1.) On September 9, 2021, Magistrate Judge Bowman issued her R&R recommending dismissal because the petition was time-barred under 28 U.S.C. § 2254(a). (Doc. 11 at 1, 3.) Petitioner filed an Objection to the R&R, arguing (1) the Magistrate Judge did not properly review his actual innocence claim and (2) his "Special Action" was in fact a pending special action which was not a collateral review proceeding for purposes of tolling the limitations period. (Doc. 17 at 4.) The Court overruled the Objection, adopted the R&R, and dismissed the habeas petition on February 3, 2022. (Doc. 17.)

On May 9, 2022, Petitioner filed the instant Motion under Federal Rule of Civil Procedure 60. (Doc. 19.) The Motion first argues that the untimeliness of his previous habeas petition, and his failure to include all viable claims therein, is due to excusable neglect because Petitioner is a non-English speaker who relied on other inmates for legal assistance and on the prison's inadequate law library. (Doc. 19 at 2–4.) Further, Petitioner argues that these obstacles amount to "extraordinary circumstances" which prevented Petitioner from "reasonable access to the courts" and an "unobstructed procedural shot" in

presenting his claims. (Doc. 19 at 4–5.) Finally, Petitioner asks the Court to appoint counsel to "allow a full and fair presentation of all claims previously submitted and unsubmitted." (Doc. 19 at 5.)

## II. Legal Standard

Rule 60 allows the Court to provide relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

The United States Supreme Court discussed the relationship between Rule 60(b) and 28 U.S.C. §§ 2254 and 2241 in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). There the Court explained that the Rules of Civil Procedure apply to habeas corpus proceedings only to the extent they are not inconsistent with applicable federal statutory provisions and rules. *Id.* at 529 (internal citations omitted). When a petitioner has previously filed a federal habeas claim, 28 U.S.C. § 2244(b)(1)–(3) imposes three requirements on second or successive habeas petitions: (1) any claim adjudicated in a previous petition must be dismissed; (2) any claim not already adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and (3) before the district court may accept a successive petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual innocence provisions. Failure to meet these requirements deprives the district court of jurisdiction to consider the merits of a second or successive petition under 22 U.S.C. § 2244(b). *U.S. v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011). If a petitioner is asserting a claim that either on its face is a habeas claim, or is similar enough to a habeas claim that failing to subject it to the same requirements would be inconsistent with the statute, he cannot circumvent the "second or

successive" requirement that the claim be pre-certified by the court of appeals as falling within an exception to the successive-petition bar. *Gonzalez*, 545 U.S. at 531–532.

The Court also explained that determining whether a Rule 60(b) motion advances one or more claims subject to the second or successive certification requirement generally will be simple. *Id.* at 532. A motion that seeks to add a new ground for relief, or attacks a previous court's resolution on the merits, will be barred. *Id.* But if a Rule 60(b) motion attacks not the substance of the federal court's resolution on the merits, but some defect in the integrity of the federal habeas proceedings, the motion will not be barred. *Id.* Examples of claims that seek to add or reassert grounds for relief include assertions that excusable neglect resulted in the omission of constitutional claims in a previous habeas petition. *Id.* at 530-31. On the other hand, contentions that a fraud on the habeas court took place or that the court erred in making a procedural ruling, which precluded a determination on the merits, are legitimate under Rule 60(b). *Washington*, 653 F.3d at 1063.

**III.   Analysis**

First, Petitioner argues that he has a valid claim for relief from judgment based on excusable neglect under Rule 60(b)(1). (Doc. 19 at 2.) Essentially, Petitioner contends that: (1) equitable tolling is justified because he is a non-English speaker relying on the prison's inadequate law library and other English-speaking inmates for assistance with his legal claims; and (2) because of these circumstances, Petitioner's previous habeas petition did not include all viable claims. (*Id.* at 2–4.) *Gonzalez* instructs that the omission of a constitutional claim in a previous habeas petition due to excusable neglect is substantively a successive habeas petition. *Gonzalez*, 545 U.S. at 530-31.

Petitioner's excusable neglect argument does not attack the integrity of the court process regarding his previously asserted claims. *Jones v. Ryan*, 733 F.3d 825, 836 (9th Cir. 2013) ("Rule 60(b) is properly applied when there is some problem going to the integrity of the court process on the claims that were previously asserted"). Petitioner's claims in his first habeas petition were: (1) ineffective assistance of trial counsel based on failure to investigate; and (2) suppression of exculpatory evidence. (Doc. 1 at 5, 7.) The Court dismissed the petition as time-barred. (Doc. 17 at 9.) Petitioner's arguments do not

- 4 -

attack this Court's previous resolution of his claims on the merits. (*See* Doc. 19 at 2–4.) Rather than arguing that the Court erred in dismissing the claim as time-barred, the Motion raises new claims for relief, i.e., that substantial obstacles have denied Petitioner reasonable access to the courts and an unobstructed procedural shot at having his claims heard. *Id.*

Even if *Gonzalez* did not bar Petitioner from raising new claims for relief based on excusable neglect, considering Petitioner's excusable neglect argument on the merits leads to the same result. Generally, illiteracy and inadequate access to the prison law library do not constitute "extraordinary circumstances" that justify equitable tolling. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir.2010) ("[P]ro se status, a prison law library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy ... these circumstances are hardly extraordinary given the vicissitudes of prison life ...."); *see, e.g.*, *Lewis v. Virga*, 2014 WL 2796524, *2 (N.D. Cal. June 19, 2014) ("Petitioner states that he relied on others to help him because he suffered from a mental disability and is illiterate. Petitioner provides no more information regarding the mental disability, and a pro se petitioner's lack of legal sophistication or illiteracy alone is not an extraordinary circumstance sufficient to justify equitable tolling.")

Second, Petitioner contends that his inability to speak English, reliance on English-speaking inmates for assistance, and his inadequate access to the prison's law library amount to extraordinary circumstances. (Doc. 19 at 5.) If a movant's arguments for relief from final judgment do not fit within, or succeed under Rule 60(b)(1)–(5)[1], then relief may be granted for "any other reason that justifies [it]" under Rule 60(b)(6), the catch-all provision. Fed. R. Civ. P. 60(b). Supreme Court precedent requires a showing of extraordinary circumstances to succeed under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535. Such circumstances will rarely occur in the habeas context. *Id.*

The obstacles Petitioner cites do not rise to the level of "extraordinary circumstances," within the meaning of Rule 60(b)(6). *Id.* Petitioner has faced the same obstacles throughout his appeals and post-conviction relief proceedings and has never

---

[1] The Court cannot reasonably construe Petitioner's arguments as falling under Rule 60(b)(2)–(5).

raised them as issues until now; in other words, this motion "in effect asks for a second chance to have the merits determined favorably." *Washington*, 653 F.3d at 1063 (quoting *Gonzalez*, 545 U.S. at 532 n.5). Moreover, on October 22, 2021, Petitioner submitted an untimely motion for an extension to file his Objection to the Magistrate Judge's R&R. (Doc. 12.) Over government objection (Doc. 13), the Court granted Petitioner an additional 30 days to file his objection, construing his argument such that his failure to timely file was due to a lack of continuity in aid. (Doc. 14 at 2.) The fact that Petitioner has successfully requested at least one extension during these habeas proceedings cuts against the argument that the obstacles raised in this Motion constitute extraordinary circumstances.

*Gonzalez* and its Ninth Circuit progeny are clear: "[t]o show a defect in the integrity of his first § 225[4] proceeding, [Petitioner] must point to something that happened during that proceeding that rendered its outcome suspect." *U.S. v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). As stated above, the Court dismissed the underlying habeas petition as untimely. Petitioner therefore would be required to receive authorization from the Ninth Circuit before again attacking the same conviction or sentence under § 2244. Because Petitioner does not attack any defect in the integrity of the federal habeas proceedings, the court will treat his Motion as a successive habeas petition subject to the requirements of 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 531. As such, the Court lacks jurisdiction under § 2244(b).

**IV.   Order**

Accordingly,

**IT IS ORDERED DENYING** Petitioner's Motion for Rule 60 Relief from a Judgment or Order (Doc. 19.)

Dated this 14th day of July, 2022.

_____
Honorable John C. Hinderaker
United States District Judge